UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTHONY C. RENO and KIMBERLY RENO,

Plaintiffs,

v.

SUPPORTKIDS, INC., CHILD SUPPORT ENFORCEMENT, INC., and RICHARD C. FRY,

Defendants.

CIVIL NO. 01-2331 (JNE/JSM)

ORDER

The above matter came before the undersigned United States Magistrate Judge on October 14, 2003, upon plaintiffs' Motion to Amend Complaint to add Punitive Damages and to Compel Discovery and for Related Relief [Docket No. 20]. Karl A. Oliver, Esq. appeared on behalf of plaintiffs. Jonathan M. Bye, Esq. and Eric J. Peck, Esq. appeared on behalf of defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Complaint to Add Punitive Damages and to Compel Discovery and for Related Relief [Docket No. 20] is **STAYED** until a decision is issued with regards to defendants' Motion for Summary Judgment.

Dated: October 15, 2003

JANIE S. MAYERON
United States Magistrate Judge

OCT 15 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

The underlying basis of Supportkids, Inc.'s and Richard C. Fry's response to plaintiffs' Motion to Amend Complaint to add Punitive Damages is that the motion should be denied because none of plaintiffs' underlying claims are viable.[1] In this regard, defendants have filed a summary judgment motion seeking to dismiss all claims in the present action. Plaintiffs' response to defendants' motion for summary judgment is due on October 24, 2003, and the motion will be filed with the Court on or before November 1, 2003. This Court has determined that until the District Court decides the Motion for Summary Judgment, and determine which, if any, of plaintiffs' claims will remain in the suit, it is premature for this Court to decide whether to allow plaintiffs to amend their Complaint to add a claim for punitive damages. This decision is made for two reasons: First, in order to address defendants' response to plaintiffs' punitive damages motion, this Court would be required to decide the issues pending in the summary judgment motion, and without the benefit of plaintiffs' substantive response to this motion. Second, in order to perform the analysis for a motion to add punitive damages, this Court needs to examine the evidence offered by plaintiffs against each count, and the Court cannot properly proceed with this examination until it knows which claims will survive summary judgment.

J.S.M.

1 Defendant Child Support Enforcement, Inc., is an allegedly defunct corporation whom defendants claim has never been served.