UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony C. Reno and Kimberly Reno,<br><br>Plaintiffs,<br><br>vs.<br><br>Supportkids, Inc., a Texas corporation; Child Support Enforcement, Inc., a Texas corporation; and Richard C. Fry,<br><br>Defendants. | **Civil No.: 01-2331 JNE/JSM**<br><br>**ANSWER OF SUPPORTKIDS, INC. AND RICHARD C. FRY TO AMENDED COMPLAINT** |

Defendant Supportkids, Inc. ("Supportkids") and Richard C. Fry ("Fry") (collectively, "Defendants"), deny every allegation of the Amended Complaint of Plaintiffs Anthony C. Reno and Kimberly Reno ("Plaintiffs") unless admitted or qualified below:

ANSWER

1. Defendants admit the allegations in paragraphs 2, 3, 4, 5, 7, 8, and 9.

2. With respect to paragraphs 10 and 11, Defendants state that they are without knowledge or information sufficient to form a belief as to the truthfulness thereof.

3. With respect to paragraph 12, Defendants admit that Supportkids is a Texas corporation with its principal place of business in Austin, Texas.

4. Defendants admit the allegations in paragraphs 14 and 15.

5. With respect to paragraph 37, Defendants admit that any actions Fry took with respect to Plaintiffs were as an agent of Supportkids.

6. Defendants admit the allegations in paragraph 38, 40, 41, 42, and 43.

7. With respect to paragraph 45, Defendants admit that Mr. Reno has been jailed for failure to pay his child support.

8. Defendants admit the allegations in paragraph 53, 54, 56, 63, 64, 65, 66, 67, 68, 69, 71, 73, 74, 79, 153, 154, 155, and 162.

9. Defendants state that they are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraphs 164 and 167.

10. Defendants admit the allegations in paragraph 171.

11. In response to paragraph 193, Defendants restate their responses to paragraphs 1 through 192.

12. In response to paragraph 209, Defendants restate their responses to paragraphs 1 through 208.

13. With respect to paragraph 221, Defendants restate their responses to paragraphs 1 through 220.

AFFIRMATIVE DEFENSES

1. Plaintiffs' claims for punitive damages are barred because the statute upon which they are based, Minn. Stat. 549.20, is unconstitutional.

2. Plaintiffs have failed to mitigate their damages, if any.

3. Plaintiffs' claims for defamation are barred in whole or in part because any allegedly defamatory statements by Defendants were true.

WHEREFORE, Defendants respectfully request that the Court:

1. Dismiss Plaintiffs' Complaint with prejudice.

2. Award Defendants' their costs and disbursements herein.

3. Grant Defendants other just relief.

Dated: September 24, 2004.

LINDQUIST & VENNUM P.L.L.P.

By s/ Jonathan M. Bye

Jonathan M. Bye
Attorney Reg. No. 148830
Eric J. Peck
Attorney Reg. No. 025048x
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211

***Attorneys For Defendants***
***Supportkids, Inc. and Richard C. Fry***