UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony C. Reno and Kimberly Reno,<br><br>Plaintiffs,<br><br>vs.<br><br>Supportkids, Inc., a Texas corporation; Child Support Enforcement, Inc., a Texas corporation; and Richard C. Fry,<br><br>Defendants. | **Civil No.: 01-2331 JNE/JSM**<br><br>**STIPULATION AND PROTECTIVE ORDER** |

The parties stipulate to the entry of the following protective order:

IT IS ORDERED THAT:

1. Any party to this action may designate as "Confidential Material" in the manner set forth in paragraph 3 any document ordered to be produced by the Court's Order dated September 7, 2004. The terms of this Stipulation and Protective Order govern all aspects of the procedures to be followed in making or challenging such designations and of the terms, conditions and restrictions on the use of such Confidential Materials.

2. In the event any documents, deposition testimony, information or other material is sought in this litigation from any person or entity not a party to this litigation, such person or entity shall have the same rights to designate any such material as Confidential Material as a party would have, and the use of such Confidential Material by the parties shall be governed in all respects by this Stipulation and Protective Order. The terms "party" and "parties" as used herein include any such non-parties to the extent necessary or appropriate to effectuate the terms of this paragraph.

3. Materials to be treated as Confidential Materials shall be designated as follows:

(a) Written discovery answers. Any party wishing to designate written discovery answers as Confidential Material shall type those answers in a separate document in which every page is marked with the following legend:

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER, CIVIL FILE NO. 01-2331 JNE/JSM, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

(b) Other written materials. Any party wishing to designate other written materials as Confidential Materials must place the above legend upon the first page and each

other page of any document containing information to be treated as Confidential Material.

(c) Oral testimony. Any party wishing to designate deposition testimony as Confidential Material shall either:

i. In advance of disclosure, state that the testimony is Confidential Material and advise all persons present that the information is subject to this Stipulation and Protective Order. The testimony shall be then separately transcribed and marked with the above legend. Only those persons designated in paragraph 4 who have complied with paragraph 5, if applicable, may listen to or read this testimony.

ii. If a designation of Confidential Material is not made in advance of disclosure at a deposition, it may be made within 15 days following the mailing of the deposition transcript by the mailing of written notice to all parties. All persons with copies of the deposition transcript shall then mark their copies with the above legend. Until the 15-day period has expired, all deposition testimony and transcripts shall be treated as Confidential Material.

4. Except as set forth in this order, Confidential Material or the contents of Confidential Material of another party shall not be shown to, given to, discussed with, or otherwise disclosed to any person other than:

(a) Counsel of record for the parties and, to the extent such disclosure is reasonably necessary, their respective partners, associates, paralegals and clerical personnel;

(b) Persons retained or proposed to be retained as expert consultants or witnesses and, to the extent such disclosure is reasonably necessary, their office associates and clerical personnel;

(c) Court reporters of depositions in this action;

(d) Persons reasonably believed to have authored, received or been aware of the Confidential Material or who are employees of the party which produced or designated the Confidential Material, provided such persons are not given a copy of any such Confidential Material to retain;

(e) The Court, provided that such materials are filed or submitted in a sealed envelope conspicuously marked:

CONFIDENTIAL PURSUANT TO COURT ORDER. THIS ENVELOPE IS NOT SUBJECT TO RELEASE OR INSPECTION EXCEPT BY ORDER OF THE COURT OR UPON AGREEMENT OF THE PARTIES.

If the Court refuses to grant any party's request to so treat Confidential Materials, the party may nonetheless file such material with the Court, and the filing shall not be deemed to waive any other restriction contained herein; and

(f) Parties or, if a party is a corporation, up to two of a party's employees designated by that party to the extent such disclosure is reasonably necessary for preparation of the case.

5. Counsel shall not disclose Confidential Material or the contents of Confidential Material of another party to any of the persons listed in paragraph 4, except for Counsel, the Court and court reporters of depositions, until that person has executed and provided to that Counsel an Affidavit in the form of Exhibit A attached hereto. Copies of the executed affidavits are to be provided to opposing counsel upon request upon conclusion or final settlement of this action.

6. Any person obtaining access to Confidential Materials or the contents thereof of another party shall use the information contained therein only for the purposes of this action and for no other purpose.

7. Confidential Materials of another party shall be kept in separate files marked "Confidential Pursuant to Court Order. Only authorized persons are allowed access."

8. Within 90 days of the conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall:

(a) destroy or assemble and return to the party who produced the Confidential Materials, all such Confidential Materials, including depositions and deposition exhibits designated as Confidential Material, and all copies thereof; and

(b) destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Material;

except that Counsel may retain one archival copy of court filings containing Confidential Materials which materials will otherwise remain subject to this Stipulation and Protective Order.

9. Nothing in this Stipulation and Protective Order constitutes a finding or admission that any Confidential Material is in fact confidential, proprietary or otherwise not subject to disclosure. Any party may bring before the Court at any time the question of whether any particular Confidential Material does, in fact, contain confidential material or the question of whether this Stipulation and Protective Order should be modified.

10. The terms of this Stipulation and Protective Order shall survive and remain in effect after the termination or settlement of this litigation.

Dated: September 20, 2004

OLIVER & ASSOCIATES, PLC

/s/ Karl Oliver
Karl Oliver, #0269852
415 Winsor Office Plaza
1935 West County Road B2
St. Paul, MN 55113
651-636-7960

***Attorneys for Plaintiffs***

Dated: September 14, 2004.

LINDQUIST & VENNUM P.L.L.P.

/s/ Jonathan M. Bye
Jonathan M. Bye, #148830
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-371-3211
jbye@lindquist.com

***Attorneys for Defendants***

SO ORDERED:

Dated: October 5, 2004

*s/ Janie S. Mayeron*
Magistrate Judge Janie S. Mayeron

EXHIBIT A

| | |
|---|---|
| Anthony C. Reno and Kimberly Reno,<br><br>Plaintiffs,<br><br>vs.<br><br>Supportkids, Inc., a Texas corporation; Child Support Enforcement, Inc., a Texas corporation; and Richard C. Fry,<br><br>Defendants. | **Civil No.: 01-2331 JNE/JSM**<br><br>**AFFIDAVIT** |

STATE OF ______________ )
)
COUNTY OF ____________ )

I, _____________________________, have been provided a copy of the Stipulation and Protective Order entered in this action concerning the manner in which Confidential Material shall be treated.

I have read and understand the Stipulation and Protective Order, and I will abide by the Stipulation and Protective Order. I understand that if I fail to comply with the Stipulation and Protective Order I may be punished by contempt of court and ordered to pay money to any person damaged by my disclosure.

_______________________________________________
(Signature)

Subscribed and sworn to before me
this ______ day of _____________,
__________.

______________________________
Notary Public